IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PHILLIP WATSON and JANINE WATSON, § § § | |
| Plaintiffs, § § § | |
| v. § | Case No.: 4:10-cv-707 |
| § | |
| CITIMORTGAGE, INC., § § | |
| Defendant. § § | |

# MEMORANDUM OPINION & ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Pending before the court are Defendant's "Motion to Dismiss and Brief in Support" (Dkt. #6); Plaintiffs' "Response and Brief in Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement" (Dkt. #9); and Defendant's "Reply Brief in Support of Its Motion to Dismiss" (Dkt. #10). Having considered Defendant's motion, the responsive briefing, and the relevant legal principles, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This case arises out of a Note and Deed of Trust between Plaintiffs Phillip and Janine Watson ("Plaintiffs") and Defendant Citimortgage, Inc. ("Defendant") executed on July 15, 2005. In June 2009, Plaintiffs fell behind on their Note payments. Plaintiffs filed for bankruptcy in October 2009, and were discharged in January 2010. After the bankruptcy discharge, Plaintiffs began discussions with Defendant from February to November 2010 regarding workout options, including loan

modifications, to cure their default. Upon Defendant's request, Plaintiffs applied for the government Home Affordable Modification Program ("HAMP"), but did not qualify for the program. Plaintiffs filed out additional loan applications, submitted financial documents, and continued communication with Defendant during these months in pursuit of a loan modification. On October 2, 2010, Defendant sent Plaintiffs notice of acceleration of the Note and notice of a substitute trustee's sale set for November 2, 2010. Shortly thereafter, however, Plaintiffs received an email from Defendant on October 7, 2010, stating that Plaintiffs' mortgage assistance request had been approved and that Defendant would deliver a mortgage solution package within the next five to seven business days. Plaintiffs did not receive documentation regarding the mortgage solution package and, upon further inquiry, learned that completion of the paperwork would take longer than anticipated.

On October 20, 2010, Plaintiffs received a letter from Defendant stating that the foreclosure sale was rescheduled for December 7, 2010. During a phone call from Plaintiffs on October 25, 2010, Defendant informed Plaintiffs that it had approved a three-month trial payment plan and that the first payment was due November 1, 2010. Plaintiffs allege, however, that they never received documentation regarding the three-month trial payment plan. When Plaintiffs inquired about the trial payment plan documents, a representative of Defendant could not confirm whether Plaintiffs would receive the requisite documentation and requested immediate payment over the phone. Plaintiffs do not allege that they made any of the trial payments. Rather, anticipating a foreclosure sale, Plaintiffs filed their Original Petition (Dkt. #3) on December 1, 2010. And pursuant to a Temporary Restraining Order (Dkt. #1, Exh. 2, at 24–26) issued by the state district court, the foreclosure sale was cancelled. In their Original Petition, Plaintiffs seek damages from the Defendant for alleged breach of contract, anticipatory breach of contract, unreasonable debt collection efforts, negligent

misrepresentation, and violation of the Texas Debt Collection Practices Act, the Texas Deceptive Trade Practices Act, and the Texas Property Code. These claims are based generally on allegations that Defendant led Plaintiffs to believe their Note terms were being modified to cure their default while Defendant nevertheless assessed penalties, accelerated the loan, and attempted foreclosure. Plaintiffs also seek an order for accounting of all transactions on their mortgage loan, as well as declaratory judgment that Defendant waived its right to accelerate and foreclose.

On December 23, 2010, Defendant filed a Notice of Removal (Dkt. #1) pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Defendant then filed its Motion to Dismiss (Dkt. #6) on January 7, 2011, requesting that the court dismiss Plaintiffs' claims under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, order Plaintiffs to file a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## II. DISCUSSION & ANALYSIS

### A. LEGAL STANDARD

In resolving a Fed. R. Civ. P. 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually

suggestive, so as to "raise a right to relief above the speculative level," *id.* at 555, and into the "realm of plausible liability." *Id.* at 557 n.5. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B. BREACH OF CONTRACT**

Plaintiffs' first cause of action is for breach of contract, wherein Plaintiffs base their claim on three theories: Defendant breached an implied duty of good faith and fair dealing; Defendant breached the Note and Deed of Trust by accelerating the Note without first providing Plaintiffs with the opportunity to reinstate the Note or cure their default; and Defendant breached a unilateral contract by promising to refrain from foreclosure during loan modification then nevertheless accelerating the note and attempting foreclosure. Additionally, Plaintiffs allege that Defendant should be estopped from accelerating and foreclosing on the property.

**1. Breach of Duty of Good Faith and Fair Dealing**

Defendant argues that Plaintiffs' claim of alleged breach of an implied duty of good faith and fair dealing should be dismissed because there is no duty of good faith and fair dealing in the lender-borrower relationship. Def.'s Mot. to Dismiss 4. The court agrees.

Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, No. 3-11-cv-0430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990)) (internal quotations omitted). In this case, Plaintiffs do not allege a "special

relationship" with the Defendant. Therefore, the court finds that Plaintiffs have failed to state a claim upon which relief can be granted for breach of the duty of good faith and fair dealing. Accordingly, Defendant's motion to dismiss Plaintiffs' claim for breach of the duty of good faith and fair dealing is **GRANTED**. And because the court finds that Plaintiffs could plead no facts that would enable it to bring this claim, the court declines to grant Plaintiffs leave to amend this claim.

**2. Breach of the Note and Deed of Trust**

Defendant argues that Plaintiffs have failed to state a claim for breach of the Note and Deed of Trust. In order to establish a breach of contract claim, Plaintiffs must plead facts showing: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Patton*, No. 05-17-01731, 2010 WL 936688, at *3 (Tex. App.—Dallas Mar. 17, 2010, pet. filed). Further, in order to properly plead a claim based on breach of the Note and Deed of Trust, Plaintiffs must point to a specific provision in the contract that was breached by the Defendant. *Coleman*, 2011 WL 2516169, at *1 (citing *Case Corp. Inc. v. Hi-Class Bus. Sys. of Am.*, 184 S.W.3d 760, 769–70 (Tex. App.—Dallas 2005, pet. denied)). While Plaintiffs have not provided the Note or Deed of Trust, Plaintiffs do specifically allege that Defendant failed to provide proper notice in accordance with the Note and Deed of Trust prior to acceleration of the debt and, therefore, had no authority under the Deed of Trust to appoint a substitute trustee. Accepting Plaintiffs' assertions as true, the court finds that Plaintiffs have provided sufficient factual allegations to state a claim for breach of contract. *See Iqbal*, 129 S. Ct. at 1950; *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-cv-370, 2010 WL 1026968, at *6 (E.D. Tex. Feb. 16, 2010). Accordingly, Defendant's motion to dismiss Plaintiffs' breach of contract claim based on breach of the Note and Deed of Trust is **DENIED**.

### 3. Breach of Unilateral Contract

Defendant also argues that Plaintiffs failed to properly plead their breach of unilateral contract claim because any alleged promises by the Defendant did not constitute a unilateral contract. Rather, Defendant's promises to modify the loan and forbear from foreclosure were illusory because Plaintiffs, as promisees, either did not perform or were not required to perform in order to receive the benefit. The court agrees.

In Texas, a unilateral contract is "created by the promisor promising a benefit if the promisee performs. The contract becomes enforceable when the promisee performs." *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 302 (Tex. 2009). In other words, there are no mutual promises as in a bilateral contact. Rather, there is a promise by the promisor and acceptance through performance by the promisee. *See id*. However, "[a] contract that does not require a party to furnish consideration, or oblige him to do anything, lacks mutuality, is unilateral, and is unenforceable." *Johnson v. Kruse*, 261 S.W.3d 895, 898 (Tex. App.—Dallas 2008, no pet.). Thus, a unilateral contract is an illusory promise that fails to bind the promisor until the promisee renders performance, thereby accepting the offer and binding the promisor. *See id.* at 898–99. Here, while the Defendant promised to modify the loan and forbear from foreclosure, the promise remained illusory because Defendant neither required nor received any performance from Plaintiffs.

Further, any unilateral or bilateral contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2), (b) (West 2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas

law). Therefore, any modification of the underlying loan agreement must have been in writing. Because the alleged loan modification here was oral, it was unenforceable until reduced to writing.

The court finds that Plaintiffs have failed to allege breach of a unilateral contract. Accordingly, Defendant's motion to dismiss Plaintiffs' claim of breach of a unilateral contract is **GRANTED**. And because the court finds that Plaintiffs could plead no facts that would enable them to bring this claim, the court declines to grant Plaintiffs leave to amend this claim.

### 4. Doctrine of Estoppel

Finally, Plaintiffs briefly allege that "Defendant waived its right to accelerate and foreclose and is estopped." Compl. 8, ¶ 22. Defendant argues that this "conclusory allegation[]" is insufficient to survive dismissal. Def.'s Mot. to Dismiss 8. The court agrees. "Promissory estoppel . . . is a cause of action available to a promisee who has acted to his or her detriment in reasonable reliance on an otherwise unenforceable promise." *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 140 (Tex. App.—Corpus Christi 2001, no pet.). The Plaintiffs here, however, give no factual assertions to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiffs' statement alleging that Defendant is estopped from asserting its right to foreclose, without more, is a "conclusory allegation[] or legal conclusion[] . . . [that] will not suffice to prevent a motion to dismiss." *Little v. USAA Cas. Ins. Co.*, No. 09-30948, 2010 WL 4909869, at *2 (5th Cir. Apr. 2, 2010) (internal citation omitted). Accordingly, Defendant's motion to dismiss Plaintiffs' claim of estoppel is **GRANTED**. The claim is dismissed without prejudice, and Plaintiffs are given leave to amend it to the extent necessary to remedy deficiencies identified herein.

## C. ANTICIPATORY BREACH OF CONTRACT

Plaintiffs' claim that Defendant committed an anticipatory breach of the Note and Deed of

Trust by failing to allow Plaintiffs to reinstate their loan or cure their default, thereby making Plaintiffs' performance of the contract impossible. Compl. 8–10, ¶ 20–22. Defendant argues that Plaintiffs have failed to state a claim because they did not allege absolute repudiation of the Note or Deed of Trust on the part of the Defendant.

Under Texas law, to properly plead a claim for anticipatory breach of contract, Plaintiffs must plead facts sufficient to establish: "(1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party." *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (applying Texas law). An absolute repudiation of the obligation "may consist of either words or actions by a party to that contract that indicate an intention that he or she is not going to perform the contract according to its terms." *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 631 (N.D. Tex. 2010) (citing *Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115, 120 (Tex. App.—Houston[14th Dist.] 1984, no writ)). Here, the court finds that Plaintiffs have failed to allege facts that could plausibly establish an absolute repudiation of the contract by Defendant. There are no facts alleged that Defendant attempted to breach the contract. In fact, Defendant had already performed under the Note and Deed of Trust by processing Plaintiffs' loan. Accordingly, Defendant's motion to dismiss Plaintiffs' claim of anticipatory breach of contract is **GRANTED**. The claim is dismissed without prejudice, and Plaintiffs are given leave to amend it to the extent necessary to remedy deficiencies identified herein.

### D. UNREASONABLE COLLECTION EFFORTS

Plaintiffs allege that Defendant intentionally misled Plaintiffs by promising loan modification while assessing penalties and interest on the loan, and accelerating the Note without opportunity to cure the default. Compl. 9, ¶ 25–27. Plaintiffs allege that, in doing so, Defendant "slandered

Plaintiffs' credit reputation, and exposed them to ridicule in the community, thereby causing them further economic damages, . . . [and] extreme and severe mental anguish and emotional distress resulting in loss of income and mental suffering." Compl. 9, ¶ 26.

"Unreasonable collection efforts is a Texas common-law intentional tort that lacks clearly defined elements." *B.F. Jackson, Inc. v. Costar Realty Info., Inc.*, No H-08-3244, 2009 WL 1812922, at *5 (S.D. Tex. May 20, 2009). In Texas, pleadings sufficient to support a claim for unreasonable collection efforts must contain facts that amount to "a course of harassment" by the defendant that "was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *See, e.g., Coleman*, 2011 WL 2516169, at *2. Plaintiffs, however, argue for an alternative definition from a 1962 case, which defines the tort as "efforts which a person of ordinary prudence in the exercise of ordinary care on his or her part would not have exercised under the same or similar circumstances." Pl. Resp. at 5. *Emp. Fin. Co. v. Latham*, 363 S.W.2d 899, 901 (Tex. Civ. App.—Fort Worth 1962), *aff'd in part, rev'd in part on other grounds*, 369 S.W.2d 927 (Tex. 1963). This alternative definition, however, has been largely unsupported by other courts and "subsequent case law has consistently required intent rather than negligence." *Bray v. Cadle Co.*, No. 4:09-cv-663, 2010 WL 4053794, at *19 (S.D. Tex. 2010). *See also Narvaez*, 757 F. Supp. 2d at 636 ("evidence of negligence is insufficient to support a cause of action for unreasonable collection efforts"). Plaintiffs have failed to allege, outside of the conclusory statement that Defendant "intentionally misled" Plaintiffs, that Defendant acted willfully, wantonly, maliciously, or acted with the intent to inflict harm upon Plaintiffs. Therefore, the court **GRANTS** Defendant's motion to dismiss Plaintiffs' claim for unreasonable debt collection efforts. The claim is dismissed without prejudice, and Plaintiffs are given leave to amend it to the extent necessary to remedy deficiencies identified herein.

### E. TEXAS DEBT COLLECTION PRACTICES ACT

Plaintiffs seek damages under both the Texas Debt Collection Practices Act ("TDCPA") and the Deceptive Trade Practices Act ("DTPA"). The viability of Plaintiffs' DTPA claim pivots on the success of their TDCPA claim because Plaintiffs rely on the alleged TDCPA violation as the sole basis for their DTPA claim. *See* Compl. 10–11, ¶ 33–34; TEX. FIN. CODE ANN. § 392.404(a) (West 2006) ("A violation of this chapter [the TDCPA] is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code [the DTPA], and is actionable under that subchapter."). The court will therefore turn first to the TDCPA claim.

The TDCPA prohibits debt collectors from making fraudulent, deceptive, or misleading representations concerning "the character, extent, or amount of a consumer debt." TEX. FIN. CODE ANN. § 392.304(a)(8). The TDCPA further prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." *Id*. at § 392.304(a)(19). Here, Plaintiffs allege that Defendant informed Plaintiffs that the loan was being modified and foreclosure was being postponed while the Defendant nevertheless assessed penalties and attempted to foreclose on the property. Assuming the veracity of the Plaintiffs' factual allegations, the court finds that Plaintiffs have pled sufficient facts to survive dismissal of their TDCPA violation claim, specifically sections 392.304(a)(8) and (a)(19). *See Iqbal*, 129 S. Ct. at 1950. Accordingly, the court **DENIES** Defendant's motion to dismiss Plaintiffs' TDCPA claim.

### F. TEXAS DECEPTIVE TRADE PRACTICES ACT

Plaintiffs have not brought a separate cause of action under the DTPA. Rather, Plaintiffs argue that, as "consumers," they are entitled to recover damages under the DTPA in addition to the TDCPA. Compl. 10–11, ¶¶ 28–34. Defendant argues, *inter alia*, that Plaintiffs' DTPA claim should

be dismissed because Plaintiffs, who are unable to qualify as "consumers" under the statute, lack standing to bring such a claim. The court agrees.

The DTPA prohibits entities engaged in commerce from engaging in "false, misleading, or deceptive acts or practices." TEX. BUS. & COM. CODE ANN. § 17.46(a) (West 2007). Because the DTPA is a tie-in statute and a violation of the TDCPA is a deceptive trade practice under the DTPA, a TDCPA violation is actionable under the DTPA. *Id.* at § 17.50(h); TEX. FIN. CODE ANN. § 392.404(a). However, to meet the DTPA standing requirement, a complaining party must plead and prove that he or she is a "consumer" as defined in the DTPA. TEX. BUS. & COM. CODE ANN. § 17.50(a); *Burnette*, 2010 WL 1026968, at *9 (citing *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no writ)). To qualify as a consumer under the DTPA, (1) the person must have sought or acquired goods or services by purchase or lease and (2) the goods or services purchased or leased must form the basis of the complaint. *Id.* at § 17.45(4); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981).

Therefore, Plaintiffs must have pled sufficient facts to establish their status a "consumers" in order to bring a claim under the DTPA. Texas courts have consistently held that borrowing money does not constitute the acquisition of a good or service. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984) ("a person who seeks only to borrow money is not a consumer because the lending of money involves neither a good nor a service"); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174–75 (Tex. 1980); *Manno v. BAC Home Loans Servicing, LP*, No. A-11-CA-347-LY, 2011 WL 3844900, at *4 (W.D. Tex. Aug. 26, 2011); *Burnette*, 2010 WL 1026968, at *9. Because lending money does not constitute the acquisition of a good or service, this court finds that Plaintiffs do not qualify as "consumers" under section 17.45(4) of the Texas

Business and Commerce Code and do not have standing under the DTPA. Accordingly, the court **GRANTS** Defendant's motion to dismiss Plaintiffs' claim for relief under the DTPA. And because the court finds that Plaintiffs could plead no facts that would enable it to overcome the authorities set forth above, the court declines to grant Plaintiffs leave to amend these claims.

## G. NEGLIGENT MISREPRESENTATION

Defendant also argues that Plaintiffs have failed to plead enough facts to state a claim for negligent misrepresentation. Like their breach of contract claims, Plaintiffs base this claim on allegations that Defendant misled and misrepresented to Plaintiffs that their loan was in the process of being modified and that foreclosure would not occur during loan modification. Under Texas law, a claimant alleging negligent misrepresentation must show the following:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation.

*Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. Feb. 10, 2011) (quoting *Sloane*, 825 S.W.2d at 442) (internal quotations omitted). "The misrepresentation at issue must be one of existing fact" rather than a promise of future conduct. *Fankhauser v. Fannie Mae*, No. 4:10-cv-274, 2011 WL 1630193, at *7 (E.D. Tex. Mar. 20, 2011).

Here, Plaintiffs allege that Defendant repeatedly misled Plaintiffs with false information regarding the status of the mortgage loan, the possibility of obtaining a loan modification, whether there had been a valid loan modification, and the scheduled date of foreclosure sale. Taken as true, Plaintiffs' allegations could plausibly entitle Plaintiffs to relief. While "the mere fact that their

property was put in jeopardy by threats does not of itself make a plausible showing of pecuniary loss," *Biggers*, 767 F. Supp. 2d at 735 (internal quotations omitted), Plaintiffs' assertion that they refrained from making loan payments, and in doing so they unknowingly incurred fees and expenses, plausibly alleges pecuniary loss. *Cf. id.* Therefore, Plaintiffs' negligent misrepresentation claim should not be dismissed. Accordingly, the court **DENIES** Defendant's motion to dismiss Plaintiffs' claim for negligent misrepresentation.

## H. GROSS NEGLIGENCE

Plaintiffs argue that they have alleged a cause of action for gross negligence. To establish a gross negligence claim, Plaintiffs must show: "(1) when viewed objectively from the defendant's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the defendant must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Fankhauser*, 2011 WL 1630193, at *9 (citing *Lee Lewis Constr., Inc. v. Harrisson*, 70 S.W.3d 778, 785 (Tex. 2001)).

Plaintiffs place the label "gross negligence" as a heading in conjunction with the negligent misrepresentation claim in the their Complaint, then do not mention "gross negligence" again in the Complaint. *See* Compl. 11, ¶37. Simply labeling part of the Complaint "gross negligence" does not allege a cause of action and is nothing more than a mere "label[] and conclusion[]" of the sort rejected by *Twombly*, 550 U.S. at 555. Further, "[t]he threshold inquiry regarding a gross negligence claim is whether a legal duty existed." *RT Realty, L.P. v. Tex. Utils. Elec. Co.*, 181 S.W.3d 905, 914 (Tex. App.—Dallas 2006, no pet.) (citing *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999)). Plaintiffs allege no legal duty in their Complaint, but discuss in Plaintiffs' Response to Defendant's

Motion to Dismiss a duty of good faith required of Defendant. *See* Pl.'s Resp. to Mot. to Dismiss 7. However, Texas does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman*, 2011 WL 2516169, at *1 (citing *Coleman*, 795 S.W.2d at 708–09) (internal quotations omitted). Therefore, the court finds that Plaintiffs have insufficiently pled this cause of action, and no duty of care arises that would support a claim of gross negligence against Defendant. *See Burnette*, 2010 WL 1026968, at *8. Accordingly, the court **GRANTS** Defendant's motion to dismiss Plaintiffs' action for gross negligence. And because the court finds that Plaintiffs could plead no facts that would enable it to overcome the authorities set forth above barring it from seeking relief under gross negligence, the court declines to grant Plaintiffs leave to amend this claim.

## I. TEXAS PROPERTY CODE & TEXAS CONSTITUTION

In Plaintiffs' complaint, there is one sentence alleging that Defendant "violated the Texas Constitution and Texas Property Code Section 51.002 . . . by failing to give Plaintiffs opportunity to reinstate the loan or cure the default." Compl. 7, ¶20. However, Plaintiffs fail to identify any statutory or constitutional provision requiring Defendant to take such actions. *See Coleman*, 2001 WL 2516169, at *2. Without further factual allegations, Plaintiffs' brief statement does not provide Defendant with fair and adequate notice of the claims and does not meet the *Twombly* standard which "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. The court will not "assume the veracity" of bare allegations that do not rise to the standard of a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Accordingly, the court **GRANTS** Defendant's motion to dismiss Plaintiffs' claims for violations of the Texas Property Code and the Texas Constitution. The

claim is dismissed without prejudice, and Plaintiffs are given leave to amend it to the extent necessary to remedy deficiencies identified herein.

## J. ACCOUNTING

Plaintiffs' complaint requests "an Order for an accounting of all transactions on their mortgage loan." Pl. Comp. ¶ 36. "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Brown v. Cooley Enters., Inc.*, No. 3:11-cv-0124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011) (quoting *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App.—2001, no pet.)). Because Plaintiffs have made no more than an assertion of a right to an accounting, the court is left to determine whether Plaintiffs seek an accounting as a suit in equity or as a remedy. If Plaintiffs' request for an accounting is a remedy sought rather than a cause of action, the determination of whether an accounting would be an appropriate remedy must await the determination of the liability issues. *Shields v. Ameriquest Mortg. Co.*, No. 05-06-01647-CV, 2007 WL 3317533, at *2 (Tex. App.—Dallas 2007, no pet.). Only if this case goes to trial and it is determined that the Plaintiffs are owed damages would the issue of accounting as a remedy arise. *Id.*

If Plaintiffs' request for an accounting is a separate, equitable cause of action, it is a proper action "when the facts and accounts in issue are so complex that adequate relief cannot be obtained by law." *Brown*, 2011 WL 2200605, at *1 (citing *Hutchings v. Chevron USA, Inc.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied)). But "[w]hen a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717–18 (Tex. App.—Houston [14th] 2002, pet. denied).

Plaintiffs' bare assertion that they are entitled to accounting does not meet the standard of plausibility because they have not alleged that they are unable to attain pertinent information through ordinary discovery procedures. Accordingly, for the reasons set forth above, Defendant's motion to dismiss Plaintiffs' accounting claim is **GRANTED**. The claim is dismissed without prejudice, and Plaintiffs are given leave to amend it to the extent necessary to remedy deficiencies identified herein.

### K. DECLARATORY JUDGMENT

Plaintiffs seek a declaratory judgment that Defendant "has waived its right to accelerate and foreclose, and find that [Defendant] has violated the terms and spirit of the Deed of Trust and Note, and that any foreclosure should be enjoined." Compl. 12, ¶40. Defendant argues that Plaintiffs have failed to state a claim for declaratory judgment because Plaintiffs' claim is predicated on its breach of contract claim which Defendant argues is insufficiently pled. However, because the court did not dismiss Plaintiffs' claim for alleged breach of the Note and Deed of Trust, the court finds that Plaintiffs have pled sufficient factual allegations to support their request for declaratory judgment. Therefore, the court **DENIES** Defendant's motion to dismiss the declaratory judgment claim.

### III. CONCLUSION

Regarding Defendant's Rule 12(b)(6) motions, the court **DENIES** the following: (1) motion to dismiss for failure to state a breach of contract claim based on breach of the Note and Deed of Trust, (2) motion to dismiss for failure to state a TDCPA claim, (3) motion to dismiss for failure to state a negligent misrepresentation claim, and (4) motion to dismiss for failure to state a claim for declaratory judgment.

Alternatively, the following 12(b)(6) motions are **GRANTED**, but with leave to amend **GRANTED** to Plaintiffs: (1) motion to dismiss for failure to state an estoppel claim, (2) motion to

dismiss for failure to state an anticipatory breach of contract claim, (3) motion to dismiss for failure to state a claim for the tort of unreasonable debt collection efforts, (4) motion to dismiss for failure to state a claim under the Texas Property Code or the Texas Constitution, and (5) motion to dismiss for failure to state a claim for accounting.

Finally, the following 12(b)(6) motions are **GRANTED**, but with leave to amend **DENIED** to Plaintiffs: (1) motion to dismiss for failure to state a breach of contract claim based on a breach of the duty of good faith and fair dealing, (2) motion to dismiss for failure to state a breach of contract claim based on breach of a unilateral contract, (3) motion to dismiss for failure to state a DTPA claim, and (4) motion to dismiss for failure to state a gross negligence claim.

IT IS SO ORDERED.

**SIGNED this the 30th day of September, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE